<u>**In re Speer**</u>**, 15-cv-646 (RNC)**
**June 17, 2015**

ORDER dismissing appeal.  Appellee argues that this Court lacks jurisdiction to hear Ms. Speer's appeal and her motions to stay because the Bankruptcy Court has not yet made a final determination with regard to Ms. Speer's motion for reconsideration.

This Court has jurisdiction to hear appeals from the Bankruptcy Court, pursuant to 28 U.S.C. § 158, "from *final* judgments, orders, and decrees" (emphasis added).  Rule 8002(b) of the Federal Rules of Bankruptcy Procedure provides, in pertinent part: "If a party files a notice of appeal after the court announces or enters a judgment, order, or decree--but before it disposes of any motion listed in subdivision (b)(1)—-notice becomes effective when the order disposing of the last such remaining motion is entered."  The motions listed in subdivision (b)(1) include a "motion to alter or amend the judgment under Rule 9023."

Though not explicitly enumerated in subdivision (b)(1), a motion for reconsideration or reargument is properly treated as a Rule 9023 motion.  <u>See</u> <u>Matter of Aguilar</u>, 681 F.2d 873, 875 (5th Cir. 1988) (motion for reconsideration properly treated as Rule 9023 motion); <u>In re Farle</u>, 158 B.R. 48, 52 (E.D. Pa. 1993) (motion for reconsideration "qualified as a motion under Rules 8002(b) and 9023, as the two rules are read together").  "Thus, under the plain language of the rule, a motion for reargument postpones a party's ability to appeal a bankruptcy court's judgment until resolution of that motion."  <u>In re Food Mgmt. Grp., LLC</u>, 428 B.R. 576, 578 (S.D.N.Y. 2009); <u>see</u> <u>Praedium II Broadstone, LLC v. Wall St. Strategies, Inc.</u>, No. 04-CV3880, 2004 WL 2624678, at *4 (S.D.N.Y. Nov. 18, 2004) ("Because [appellant] moved for reargument pursuant to Bankruptcy Rule 9023, it could not have filed this appeal until the entry of [that] [o]rder, which disposed of that motion.").

Here, on April 29, 2015, appellant filed both a motion for reconsideration of the Bankruptcy Court's Order upon Conversion

of Case under Chapter 11 to Case under Chapter 7 and a notice of appeal with this Court challenging the Bankruptcy Court's Order upon Conversion of Case under Chapter 11 to Case under Chapter 7.  The Bankruptcy Court held a hearing on May 7, 2015, at which time "the Motion for Reconsideration was granted to the extent the Court agrees to reconsider its ruling on the Motion to Convert."  See In re Speer, 14-21007 (Bankr. D. Conn. May 7, 2015).  This Court's review of the record reveals that the Bankruptcy Court has not yet made a final determination with regard to the motion to reconsider the Order upon Conversion of Case under Chapter 11 to Case under Chapter 7.  Appellant's notice of appeal therefore is premature and pursuant to Bankruptcy Rule 8002, this Court lacks jurisdiction over the appeal.  Accordingly, the appeal is dismissed without prejudice.  The Clerk is directed to close the case.  So ordered.

/s/ RNC
Robert N. Chatigny, U.S.D.J.