UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IN RE: SHERI SPEER  :  CASE NO. 3:15-cv-646-RNC

ORDER

Sheri Speer, a debtor in bankruptcy, appeals from an order of the Bankruptcy Court (Hon. Ann M. Nevins) granting a motion by a creditor, Seaport Capital Partners, LLC, to reconvert the case from Chapter 11 to Chapter 7. The Bankruptcy Court granted the motion initially and on reconsideration. Review of the Court's decision on reconsideration discloses no error. Accordingly, the order is affirmed.[1]

On a showing of cause, the Bankruptcy Court is empowered to "convert a case under [Chapter 11] to a case under chapter 7 or dismiss a case under [Chapter 11], whichever is in the best interest of creditors and the estate." 11 U.S.C. § 1112(b)(1). Ms. Speer does not contest the Bankruptcy Court's determination that cause existed to convert or dismiss. Instead, she

---

[1] Seaport argues that the order should be summarily affirmed because Ms. Speer has failed to provide a transcript of the Bankruptcy Court's oral decision as required by Federal Rule of Bankruptcy Procedure 8009(a)(4),(b)(1). Without excusing Ms. Speer's procedural default, which is part of a pattern of similar defaults on her numerous appeals, I think it is preferable to rule on the merits in this instance, which I am able to do because a transcript of the underlying decision is available.

1

challenges only the decision to reconvert the case to one under Chapter 7.

In determining whether conversion or dismissal is in "the best interest of creditors and the estate," 11 U.S.C. § 1112(b)(1), courts consider whether creditors are in need of a Chapter 7 case to protect their interests. See SWJ Mgmt., LLC v. Coan, No. 3:14-cv-01860 (MPS), 2015 WL 5472501, at *4 (D. Conn. Sept. 16, 2015). If creditors would benefit from the appointment of a Chapter 7 trustee to oversee the liquidation and distribution of assets, conversion is preferable. See In re Westhampton Coachworks, Ltd., 2010 WL 5348422, at *6 (Bankr. E.D.N.Y. 2010). If dismissal would prejudice creditors, it ordinarily will be denied. See SWJ Mgmt., LLC, at *4. A court's decision to convert a case to Chapter 7 is reviewed for abuse of discretion. See id. at *3.

In its initial decision on Seaport's motion to reconvert the case to one under Chapter 7, the Bankruptcy Court determined that Ms. Speer's failure to abide by court orders and subpoenas, and the diminution of her estate's assets during the Chapter 11 phase of the case militated in favor of granting the motion. See Tr. at 35:13-22, In re Speer, No. 14-bk-21007 (Nov. 19, 2015) (ECF No. 865). On reconsideration, the Court once again determined that the case should be reconverted to one under Chapter 7 rather than dismissed.

Ms. Speer has not shown that the Bankruptcy Court abused its discretion in granting the motion to reconvert the case either initially or on reconsideration. A court abuses its discretion when its decision rests on an error of law or a clearly erroneous factual finding, or when its decision cannot be located within the range of permissible decisions. <u>Zervos v. Verizon N.Y., Inc.</u>, 252 F.3d 163, 169 (2d Cir. 2001). Ms. Speer has failed to identify an error of law by the Bankruptcy Court, or a clearly erroneous finding of fact, and reconverting the case rather than dismissing it was not unreasonable.

The Bankruptcy Court had ample grounds for concluding that the case should be reconverted to one under Chapter 7 rather than dismissed. As the Court explained, the creditors had "consistently argued that it [was] in their best interests for the case to be converted to Chapter 7 rather than being dismissed." Tr. at 44:18-21. The Court "agree[d]" with the creditors' argument that "conversion [was] better for them." Tr. at 48:4-6.

Ms. Speer contends that the Court failed to provide an adequate statement of reasons for its decision. I disagree. In a lengthy bench decision, Judge Nevins made it clear why she agreed with the creditors that reconversion rather than dismissal was in their best interest. She quoted the reasons given by Judge Dabrowski when he denied a previous motion to dismiss the

3

involuntary petition: a Chapter 7 trustee would cut through related litigation, provide for orderly review of Ms. Speer's assets and liabilities and arrange for liquidation of assets in an efficient manner.  Tr. at 43:20-44:8.  It is apparent that Judge Nevins thought the reasons given by Judge Dabrowski supported reconversion.  Next, Judge Nevins reviewed the history of the case, including the Chapter 11 phase, which provided even stronger grounds for reconversion.  The Chapter 11 phase had been marked by substantial, continuing losses and there was no reasonable likelihood of rehabilitation.  Tr. at 45:6-10.  With one exception, none of Ms. Speer's numerous properties had any equity.  Ms. Speer had failed to pay real estate taxes when due and no debt service had been paid.  Ms. Speer was "unable or unwilling to provide information required . . . of a debtor who is in bankruptcy to completely account for her assets, income, expenses, and liabilities."  Tr. at 46:16-20.  Ms. Speer "ha[d] failed to comply with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and direct orders of th[e] Court to produce information," Tr. at 45:23-46:2; she had "engage[d] in a pattern of activity" that had no apparent purpose other than "delay and obfuscation," Tr. at 48:8-10; and she "ha[d] not provided accurate and complete disclosure of financial information to her creditors, to the Office of the U.S. Trustee, or to the Chapter 7 Trustee."  Tr. at 48:10-13.  Given these facts and circumstances,

the Court concluded that reconversion rather than dismissal was in the best interest of creditors and the estate itself.  Tr. at 48:20-22.

Ms. Speer argues that the Bankruptcy Court erred in failing to explicitly address various factors courts consider in determining whether to convert or dismiss a case.  In its bench ruling, the Bankruptcy Court listed those factors.  Tr. at 41-42.  The Court had no obligation to do a factor-by-factor analysis, as Ms. Speer suggests.  It is sufficient that the Court fairly considered the pertinent facts and circumstances and reached a reasonable decision.

Accordingly, the order of the Bankruptcy Court is affirmed.  The Clerk may close this appeal.

So ordered this 29th day of January, 2018.

                                         /s/  RNC
                              Robert N. Chatigny
                        United States District Judge